```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

THE PAUL REVERE LIFE
INSURANCE COMPANY,

      Plaintiff,

v.                                    Case No. 8:13-cv-1571-T-33AEP

ALAN SAARI,

      Defendant.
_____/

## ORDER

This matter comes before the Court in consideration of Plaintiff The Paul Revere Life Insurance Company's Motion for Entry of Final Default Judgment Against Defendant Alan Saari (Doc. # 12), filed on September 4, 2013. For the reasons that follow, the Court grants the Motion.

**I.   Legal Standard**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal

Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**II. Discussion**

On June 17, 2013, Paul Revere filed its Complaint against Saari containing the following counts: (1) Claim for Enforcement of Plan Provisions, (2) Claim for Equitable Lien or Constructive Trust, and (3) Claim for Attorney's Fees. (Doc. # 1 at 7-9). Among other allegations, Paul Revere claims to have issued a group long term disability policy to non-party Stacy David, doing business as Brandon Mitsubishi, as part of an employee welfare benefit plan. (Id. at 2). Paul Revere alleges that Saari was an employee of David and was insured under the group policy. (Id.).

2

In August of 2005, Saari allegedly submitted a claim to Paul Revere reporting that he had become disabled. (Id. at 5). In September of 2005, Paul Revere notified Saari that it had approved his claim, and that Saari's basic monthly benefit under the Policy would be $2,662.40. (Id.). With regard to Saari's disability claim, Paul Revere allegedly encouraged Saari to apply for Social Security Disability Income benefits. (Id.). Paul Revere additionally advised Saari that, "should he recover any such benefits from [the Social Security Administration], State Disability, Pension and Workers Compensation or other sources of income, that these sources . . . would be an 'offset' or subtracted from the monthly benefits he received from Paul Revere." (Id.).

In December of 2005, Saari signed a reimbursement agreement pursuant to which Saari elected to receive unreduced benefits under the policy with Paul Revere. (Id.). Saari additionally "agreed to notify Paul Revere within 48 hours of receiving notice that he would be paid disability benefits from other sources, and to repay any overpayment incurred as a result of receiving such other benefits." (Id. at 6).

3

In September of 2009, Paul Revere received a copy of a notice of award letter from the Social Security Administration, stating that, effective May 5, 2005, Saari began receiving Social Security disability benefits; the receipt of these benefits overlapped with Saari's receipt of unreduced benefits from Paul Revere. (Id.). Saari's receipt of benefits from both sources created an overpayment in an amount exceeding $110,000.00. (Id.). Despite repeated requests from Paul Revere, Saari has failed to reimburse Paul Revere for the overpayment. (Id.).

Paul Revere effected service of process on Saari on June 26, 2013. (Doc. # 6). Saari failed to file a responsive pleading. On August 15, 2013, Paul Revere filed a motion for entry of clerk's default. (Doc. # 10). On that same date, the Clerk entered a default against Saari pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. # 11).

Based upon the Clerk's entry of default, the well-pled factual allegations contained in the Complaint, the affidavit filed in support of Paul Revere's Motion for Default Judgment (Cushman Aff. Doc. # 13), and the Motion itself, the Court determines that the Motion is due to be

granted and further determines that a hearing on this matter is not needed. Paul Revere is entitled to a judgment against Saari for $133,013.35, which includes the principal amount of $110,563.92, interest in the amount of $21,994.43, and taxable costs in the amount of $455.00. (Id. at 2).

This amount is capable of accurate and ready mathematical computation or ascertainment from the affidavit and other exhibits filed by Paul Revere. Specifically, Gudrun Cushman, an employee of Paul Revere who holds the title "Manager, Benefit Financial Management," provided a detailed affidavit itemizing the amounts due and owing to Paul Revere. (Id.). Cushman also confirms that Saari was notified "by letter dated November 20, 2009, . . . to pay the overpayment amount within thirty days." (Id.). However, as noted in an exhibit to Cushman's affidavit, Saari was not responsive to this request for payment. (Doc. # 13-1 at 1).

The Court accordingly directs the Clerk to enter a final default judgment against Saari and in favor of Paul Revere in the amount of $133,013.35.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

5

(1) Plaintiff The Paul Revere Life Insurance Company's Motion for Entry of Final Default Judgment Against Defendant Alan Saari (Doc. # 12) is **GRANTED**.

(2) The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $133,013.35.

(3) If Plaintiff intends to file a motion for attorney fees in this matter, Plaintiff is directed to do so on or before October 8, 2013.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of September, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record